IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

FRANK A. PRINCE,

        Plaintiff,

V.                                      CIVIL ACTION NO. 3:05-1146

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

## MEMORANDUM ORDER

In this action, filed under the provisions of 42 U.S.C. §405(g), plaintiff seeks review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed his application on August 14, 2003,[1] alleging disability commencing June 1, 2001, as a consequence of depression, bipolar disorder, drug dependency and emphysema. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing,[2] found plaintiff not disabled in a decision which became the final decision of the Commissioner when the

---

[1] According to information in the case file, plaintiff apparently filed another application on October 12, 2005, which was granted with onset of disability established as June 2, 2005.

[2] Plaintiff failed to attend the administrative hearing and, instead of dismissing his hearing request, the administrative law judge proceeded with the hearing and determined that plaintiff was a "non-essential witness."

Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was forty-four years of age and had obtained a high school education plus three years of college. His past relevant employment experience consisted of work as a chief executive officer for a collection agency. In his decision, the administrative law judge found that plaintiff suffered from "mild restrictive airway disease, cocaine dependence, panic disorder, and a major depressive disorder," impairments which he considered severe. Though concluding that plaintiff was unable to perform his past work,[3] the administrative law judge determined that he had the residual functional capacity for a limited range of medium level work. On the basis of this finding, and relying on Rules 203.29 and 203.30 of the medical-vocational guidelines[4] and the testimony of a vocational expert, he found plaintiff not disabled.

Review of the record reveals deficiencies which will require remand for further proceedings. Plaintiff's alleged onset date, as noted, is June 1, 2001, when he reported he was no longer able to concentrate or function properly due to increasing depression, anxiety and panic attacks. Unfortunately, the record contains no evidence prior to September 2002 when reports indicate plaintiff underwent detoxification at a local hospital and then was sent to a Veterans Administration ("VA") facility in Clarksburg, West Virginia for residential substance abuse

---

[3] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[4] 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 3.

treatment from October 9 through October 31, 2002. Plaintiff stayed sober for seventy-four days, beginning cocaine use again in mid-January 2003.

Plaintiff was admitted to another substance abuse treatment program in Chillicothe, Ohio on April 8, 2003. While there he was diagnosed with major depression, panic disorder and cocaine dependence. He remained in this program until early May when he was transferred to another VA rehabilitation program in Bath, New York. It does not appear there are any reports about this admission in the record.

Plaintiff was next seen at the Huntington VA medical center on February 12, 2004, for complaints of a possible urinary tract infection. He also saw a psychiatrist while there and reported he was discharged from the New York treatment/rehabilitation program in July 2003. He reported being diagnosed with major depressive disorder and bipolar disorder for which he was taking medication. At an April 7, 2004 appointment, plaintiff reported his mood was still depressed and unstable with chronic anxiety, disturbed sleep, increased appetite, impaired concentration and memory, poor energy, social isolation, irritability/sadness and panic attacks two times per month. Although this appears to be the only mention of it, plaintiff told the examiner he had been in treatment a fourth time in Oklahoma in the fall of 2003. He also related that he had been sober only since November of 2003. His mood was described as dysphoric with restricted affect and anxious demeanor. A diagnosis was made of cocaine dependence in remission by plaintiff's report and it was felt substance induced mood disorder and personality disorder not otherwise specified should be ruled out.

Other than assessments from state agency medical advisors, this is the most recent evidence in the record. Even though the hearing was not held until thirteen months later, there is

no indication that plaintiff submitted updated evidence or that the administrative law judge sought to have the record brought up to date.

Following the reconsidered denial of this claim, plaintiff requested a hearing before an administrative law judge. The record contains a notice of hearing dated April 12, 2005, which advised plaintiff that the hearing would be held May 6, 2005. A copy was also sent to his attorney. The notice indicates there was an acknowledgment form that plaintiff was supposed to complete and return to let the administrative law judge know he had received the notice of hearing. This form is not contained in the reocrd and it is unclear whether plaintiff returned the acknowledgment. His attorney sent a letter to the Office of Hearings and Appeals dated April 15, 2005, informing that she had withdrawn as plaintiff's counsel on September 15, 2004.[5]

On the date of the hearing, plaintiff did not appear. He was unrepresented, so there was no one there on his behalf. According to the regulations, "any party to a hearing has a right to appear before the administrative law judge ... to present evidence and to state his or her position."[6] A party can also appear by a representative.[7] While a claimant can waive his right to appear, this must be done in writing prior to the hearing.[8] There is no indication that was done in this case. If neither a party nor his designated representative appears for the hearing, the administrative law

---

[5] The appointment of representative form indicates she had accepted appointment as his attorney on June 9, 2004, just three months before she withdrew.

[6] 20 C.F.R. §404.950(a).

[7] Id.

[8] 20 C.F.R. §404.950)b).

4

judge may dismiss the claimant's request for hearing if good cause for the failure to appear is not shown.[9]

The administrative law judge did not send plaintiff a notice asking why he did not appear. In fact, it appears no attempt was made to determine what happened. Rather, the administrative law judge declared plaintiff a "non-essential witness," went forward with the hearing, which consisted of only taking the vocational expert's testimony, and then decided plaintiff's case on the record before him. The Court can find no regulations addressing when or why a witness will be termed "non-essential," but it clearly does not appear to be an appropriate determination in this case. Given the significant lapse of time between the most recent medical reports and the hearing as well as plaintiff's lack of representation, the Court concludes the administrative law judge should have attempted to further develop the record and in doing so should have tried to determine why plaintiff did not attend the hearing. The administrative law judge's order in this case was entered three weeks after the hearing date. Plaintiff was late requesting the Appeals Council to review the administrative law judge's decision because he had been hospitalized in the Phillippines on July 26, 2005, for psychiatric problems, according to a report of contact completed by a district office employee and confirmed by evidence plaintiff submitted to the Appeals Council. He was discharged from the hospital on August 11, 2005, came back to the United States and, as of the date of the report of contact (August 26, 2005), was in the Lexington, Kentucky VA hospital psychiatric unit.

The evidence plaintiff submitted to the Appeals Council reflects he was hospitalized at the University of Santo Tomas and diagnosed with bipolar disorder in hypomania with very poor

---

[9] 20 C.F.R. §404.957(b)(1)(i).

impulse control. Medical escorts were recommended on his return flight to this country. Among the examples cited as support for the recommendation of medical escorts were unruly behavior in the airport, threats made to personnel at the U. S. Embassy, violent behavior at the hospital and plaintiff's refusal to be transported directly from the hospital to the airport. The treating physician comments that plaintiff showed very poor impulse control, had labile moods and became irritated easily with a tendency to become physically and verbally violent. The doctor concluded plaintiff was still hypomanic and needed further hospital confinement once he returned to the United States.

While this hospitalization did not occur until two months after the hearing decision, plaintiff's failure to attend the hearing combined with the lack of evidence about his condition since April 2004, raise questions about his mental state at the time of the hearing and these issues should have been explored by the administrative law judge. While claimants have the burden of submitting evidence supporting their claims of disability, the administrative law judge also has a duty to "explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986).

The need to further develop the record is made more compelling by a letter in the file from the Social Security Administration district manager which reveals plaintiff was found disabled as of June 2, 2005, based on a subsequent application he filed in October of 2005. The date of onset is just seven days after the date of the administrative law judge's decision in this case, raising additional questions about the state of plaintiff's mental health at the time of the hearing decision. None of the documents related to the later decision were submitted for inclusion in this record.

6

The Court therefore concludes that this case must be remanded to the Commissioner for further development, including holding a hearing, if possible, and updating the medical evidence. As always, the parties should be permitted to submit additional, relevant medical evidence.

On the basis of the foregoing, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings consistent with this Memorandum Order. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: March 4, 2008

*/s/ Maurice S. Taylor, Jr.*
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE